### GROSS v. OWEN.

#### (Supreme Court, Appellate Term. January 25, 1904.)

1. LANDLORD AND TENANT—DISPOSSESSION—PAYMENT OF RENT.

  Where, in an action to dispossess a tenant for nonpayment of rent for the month of August, 1903, there was no dispute that the tenant paid the rent for such month to the janitress, and it appeared that she had authority from the landlord to accept payment of rent "from some of the tenants when they first moved in," and that the tenant had not been notified to pay the rent to any other person, but had paid the rent for the previous month to her, a judgment in favor of plaintiff was erroneous.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Michael C. Gross against Emerson Owen. From a final order of the Municipal Court of the City of New York dispossessing defendant as a tenant for nonpayment of rent, he appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

C. La Rue, for appellant.

M. C. Gross, for respondent.

PER CURIAM. The record shows that upon the return day of the precept herein the attorney for the tenant stated that the defense to the proceedings was payment of the rent, for the nonpayment of which the proceedings were instituted, by the tenant to the janitor, and that the tenant was ready to proceed with the trial at once if the landlord would waive the filing of a verified answer. This was done by the landlord's representative, and the case proceeded to trial, and resulted in the issuing of a final order by the court in favor of the landlord for nonpayment of rent for the month of August, 1903.

This answer of the defendant was, upon the waiver of plaintiff's representative of a verified answer, to be considered as being an oral one, which is permitted in the Municipal Court, and was payment of the rent sued for. There was no dispute that the tenant paid the rent for the months of July and August to the janitor, who was not called to disprove it, and, to prove authority on the part of the janitor to receive such rent, the following questions were put to the landlord's agent: "Does the janitress collect rent on the premises?" His answer was: "No, she collects a few of them, generally when they first move in." There was nothing to show that the defendant had been notified to pay to any other person than the janitress, and he paid the July rent to her, and there is therefore uncontradicted testimony from which the court should have found that the payment to the janitress was sufficient. Moreover, the authority in such janitress to collect rent from "a few of them" (meaning the tenants) is clearly shown, and, for aught that appears, the defendant was among those from whom she had a right to collect rent.

Final order reversed, with costs.